**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ANIER MONTERO MOYA,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-977-D** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Anier Montero Moya, a noncitizen[1] and Cuban national proceeding with counsel, filed a Petition for Writ of Habeas Corpus challenging his detention by U.S. Immigration and Customs Enforcement (ICE) under 28 U.S.C. § 2241. (ECF No. 1).[2] United States District Judge Timothy D. DeGiusti referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a Response and Petitioner filed a Reply. (ECF Nos 16 & 17). For the reasons set forth below, the undersigned recommends the Petition be **DENIED** as moot because Petitioner is currently subject to mandatory detention.

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[2] Petitioner also filed a Motion for Relief from Immigration Detention, Motion for Immediate Release, Motion for Temporary Restraining Order, and Motion for Stay of Removal. (ECF Nos. 2, 3, 5, 6). If the Court adopts this recommendation, these motions should be terminated as moot.

## I. PROCEDURAL BACKGROUND AND PETITIONER'S CLAIM

Petitioner entered the United States on or about August 28, 2022. (ECF No. 2:2). On February 4, 2026, Petitioner was taken into ICE custody. (ECF No. 2:3). Petitioner is currently detained in the Cimarron Correctional Facility.[3] On May 1, 2026, Petitioner filed a Petition for habeas relief, challenging his detention. *See* ECF No. 1. In the Petition, Mr. Montero Moya argued that his prolonged detention without a bond hearing violated his Due Process rights. (ECF No. 1).[4] As relief, Petitioner asked the Court to immediately release him from custody, or order a bond hearing. (ECF No. 1:7). On June 23, 2026, an Immigration Judge ordered Petitioner removed.[5] Petitioner did not file an appeal.

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear . . . challenges to the lawfulness of immigration-related detention." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also*

---

[3] *See* https:locator.ice/gov/odls/#/results (last visited August 5, 2026).

[4] Petitioner also argued that he was being subjected to unconditional conditions of conferment while detained, including "[r]ationed food and water, spoiled food, denial of medical care, and abusive conditions." (ECF No. 1:6). But the Court need not address these claims as they fall outside the scope of this Court's habeas review. *See, e.g., Onuwa v. Field Off. Dir.*, No. 26-2403, 2026 WL 772435, at *3 (D.N.J. Mar. 19, 2026) ("Petitioner's medical claim is therefore dismissed without prejudice to Petitioner reraising his claim in an appropriate civil rights proceeding."); *Ndou v. Noem*, No. 26-CV-220, 2026 WL 686564, at *4 (D.N.M. Mar. 11, 2026) (finding an immigration habeas petitioner's "claims related to conditions of confinement are properly raised under a civil rights action, not a habeas corpus petition").

[5] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited August 5, 2026).

*Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas."). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue *sua sponte*." *Id.*

## III. LAW REGARDING JUDICIAL REVIEW OF CLAIMS RELATED TO PETITIONER'S DETENTION

Prior to the entry of a removal order, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

"After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014). Under 8 U.S.C. § 1231(a)(2)(A), a non-citizen is subject to a 90-day removal period, where detention is mandatory. *Id.* at 1189 ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . . During the removal period, the Attorney General shall detain the alien.") (quoting 8 U.S.C. § 1231(a)). This shift from the "pre-removal" period under § 1225 and § 1226 to the "removal" period under § 1231(a) is triggered by the latest of three events:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). A removal order typically becomes administratively final "upon the earlier of": "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). However, "the decision of the Immigration Judge" may also "become[] final upon waiver of appeal." 8 C.F.R. § 1003.39; *see, e.g., Muradyan v. Warden*, Otay Mesa Det. Ctr., No. 3:26-cv-63-CAB-AHG, 2026 WL 184206, at *2 (S.D. Cal. Jan. 23, 2026) ("Petitioner was ordered removed on September 30, 2025, and because he waived his right to appeal, his order of removal became administratively final the same day.") (citation omitted).

Here, Petitioner was ordered removed on June 23, 2026. *See supra*. Thus, Petitioner's pre-removal-order period ended 30 days later, July 24, 2026, when the order of removal became administratively final. *See supra*. As a result, Petitioner is presently subject to § 1231(a)(2)(A), which mandates detention without bond for 90 days, or until October 22, 2026.

## IV. DISMISSAL OF THE PETITION

"Article III of the Constitution limits federal-court jurisdiction to 'cases' and 'controversies.'" *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 160 (2016) (quoting U.S. Const. art. III, § 2). "In order to invoke federal-court jurisdiction, a [petitioner] must

demonstrate that he possesses a legally cognizable interest, or personal stake, in the outcome of the action." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation marks omitted). This means "an actual controversy must be extant at all stages of review." *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 67 (1997). "If an intervening circumstance deprives the [petitioner] of a personal stake in the outcome of the lawsuit, at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp.*, 569 U.S. at 72 (internal quotation marks omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc.* 1000, 567 U.S. 298, 307 (2012) (internal quotation marks omitted).

Based on the foregoing, the Court should find that while this matter was pending, an Immigration Judge ordered Petitioner removed from the country and the order of removal became administratively final 30 days later. *See* 8 U.S.C. § 1101(a)(47)(B). That development materially alters the statutory basis for Petitioner's detention. Prior to finality of the removal order, detention was governed by 8 U.S.C. § 1226. Once the removal order became administratively final, however, detention became governed by 8 U.S.C. § 1231 during the removal period. *See supra*.

Because Petitioner is no longer detained pursuant to § 1226, the Court can no longer grant the relief requested in the Petition. First, Petitioner's request for a bond hearing under 8 U.S.C. § 1226 is moot. Likewise, Petitioner's request for release is not presently cognizable because detention during the statutory removal period is governed by § 1231(a), which authorizes detention pending execution of the final order of removal.

Because the Court cannot now order the § 1226 bond hearing requested in the Petition and because Petitioner's detention is presently governed by a different statutory framework, no live controversy remains regarding the claims asserted in the Petition. Accordingly, the Court should dismiss the Petition as moot.[6]

## V. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the habeas Petition as moot.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **August 12, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 5, 2026.

Shon T. Erwin

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

[6] Nothing in this Report and Recommendation prevents Petitioner from realleging any claim if he remains detained into the post-removal period in violation of the law.