**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ANIER MONTERO MOYA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, *et al.*,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. CIV-26-977-D |

**ORDER**

Petitioner Anier Montero Moya filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Cuba who entered the United States in 2022. [Doc. No. 16, at 8]. Petitioner has been in the custody of the U.S. Immigration and Customs Enforcement (ICE) since February 4, 2026. [Doc. No. 18, at 2]. On June 23, 2026, an Immigration Judge (IJ) ordered Petitioner removed, and he filed a late appeal of the IJ's order with the Board of Immigration Appeals (BIA).[1] In the Petition, Petitioner asserts that he is being unlawfully detained in violation of his due process rights and that his conditions of confinement are "[p]unitive and unconstitutional." [Doc. No. 1, at 6].

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 11].

---

[1] The Court takes judicial notice of Petitioner's removal proceedings. *See* https://acis.eoir.justice.gov/en/caseInformation (last accessed Aug. 25, 2026); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records . . . concerning matters that bear directly upon the disposition of the case at hand.").

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 16], and Petitioner filed a reply [Doc. No. 17].

On August 5, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 18], recommending that the Court dismiss the Petition as moot. Petitioner filed an Objection to the Report and Recommendation [Doc. No. 20].[2] Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

Petitioner objects to the magistrate judge's recommendation on the grounds that it rests on a false premise, that he "is no longer in custody or because the relief requested can no longer be granted." [Doc. No. 19, at 2]. The magistrate judge did not determine that Petitioner was no longer in custody. Instead, the magistrate judge determined that the statutory authority for Petitioner's detention shifted from 8 U.S.C. § 1226 to 8 U.S.C. § 1231 when the IJ's order of removal became final.

[2] Objections to the Report and Recommendation were due on August 12, 2026. [Doc. No. 18, at 6]. Petitioner filed his objection on August 17, 2026, but the record reflects his objection was mailed on August 11, 2026. [Doc. No. 19, Att. 3, at 1]; *Martin v. Dep't of Corr.,* No. CIV-23-00912-PRW, 2024 WL 4257135, at *1 n.2 (W.D. Okla. Sept. 20, 2024) ("Under the prison mailbox rule, a document is considered filed on 'the date it is given to prison authorities for mailing to the court.'" (quoting *Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005)).

Petitioner argues his pending late appeal with the BIA shows that his "case remains an active, unresolved matter." [Doc. No. 19, at 2]. However, there is a distinction between a late appeal received by the BIA and an appeal filed on time.

The IJ's order of removal was entered on June 23, 2026, and Petitioner had 30 days to appeal the order. *See* 8 C.F.R. § 1241.1(c) ("An order of removal made by the [IJ] at the conclusion of proceedings under section 240 of the [Immigration and Nationality] Act shall become final: . . . [u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"); 8 U.S.C. § 1252(b)(1) (establishing 30-day deadline to appeal IJ's removal order). Thus, the deadline for Petitioner to appeal the IJ's order lapsed on July 23, 2026.

Petitioner's late appeal was received by the BIA on August 4, 2026, and is currently pending before the BIA. It is unknown when Petitioner mailed his notice of appeal to the BIA, but even if he mailed it on or before July 23, 2026, the BIA does not recognize the "mailbox rule" for appeals and "[t]he date of filing of the Notice of Appeal . . . shall be the date the Notice is received by the Board." U.S. DEP'T OF JUST., EOIR Policy Manual § 3.5(a), https://www.justice.gov/eoir/policy-manual-eoir/part-III/bia/chapter-3-5 (last accessed Aug. 25, 2026) ("The Board does not follow the 'mailbox rule' but calculates deadlines according to the time of receipt at the Clerk's Office."); 8 C.F.R. § 1003.38(c) ("The date of filing of the Notice of Appeal (Form EOIR-26) shall be the date the Notice is received by the Board."); 8 C.F.R. § 1240.15 ("The filing date is defined as the date of receipt of the Notice of Appeal by the [BIA]."). The BIA "will accept late-filed appeals

where a party can establish equitable tolling applies," but that decision lies with the BIA, not this Court. *See Matter of Morales-Morales,* 28 I. & N. Dec. 714 (BIA 2023).

Given Petitioner's failure to appeal the IJ's order within the 30-day time period, Petitioner's removal order became final on July 23, 2026. 8 C.F.R. § 1241.1(c); *Malikov v. Ripa*, No. 2:26CV01520-SPC-NPM, 2026 WL 1837157, at *1 (M.D. Fla. June 26, 2026) ("Malikov can ask the BIA to accept a late appeal under principles of equitable tolling, but at least for the moment, Malikov is subject to a final order of removal. As a result, his detention is authorized by § 1231, not § 1226(a)) (internal citation omitted) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 544 (2021)). As a result, when Petitioner's removal order became final, his detention became subject to § 1231. *Johnson,* 594 U.S. at 544 ("Section 1226 applies before an alien proceeds through the removal proceedings and obtains a decision; § 1231 applies after."); *see also Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most aliens may be released on bond or paroled. After entry of a final removal order and during the 90–day removal period, however, aliens must be held in custody. Subsequently, as the post-removal-period statute provides, the Government 'may' continue to detain an alien who still remains here or release that alien under supervision.") (internal citations omitted).

Petitioner asks the Court to "find that a live case or controversy exists because [he] remains detained, has not been released, has not been removed or deported, and has a direct appeal of his removal order pending before the [BIA]." [Doc. No. 19, at 6]. However, "[a] petition challenging detention under section 1226 is rendered moot when detention

authority shifts to section 1231." *Baires v. Lynch*, No. C 15-03635 RS, 2016 WL 4502558, at *2 (N.D. Cal. Aug. 29, 2016).

Petitioner can no longer receive the bond hearing he sought in his petition. Petitioner maintains his detention is unlawful, but as of the date of this Order, Petitioner has been detained pursuant to his final order for removal for approximately 33 days. Meaning that pursuant to § 1231(a)(1)(A), the Department of Homeland Security has 57 more days to execute his removal within the 90-day post removal period. And even if Petitioner still has not been removed by Respondents upon the end of the 90-day period, *Zadvydas* provides that his detention would still be presumptively reasonable for up to six months. *Zadvydas,* 533 U.S. at 701 (holding that "after [the] 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing.").

Petitioner contends that the Court should not dismiss his petition as Respondents' conduct is "capable of repetition, yet evading review" and Respondents' "voluntary change in conduct does not moot [his] case." [Doc. No. 19, at 5]. But Respondents can no longer detain Petitioner under 8 U.S.C. § 1225 now that he has a final order of removal, so Respondents' conduct is not capable of repetition.

Thus, the Court cannot grant Petitioner the relief he seeks, and the Petition is denied as moot.[3]

---

[3] The magistrate judge determined the Court need not address Petitioner's conditions of confinement claim as they are improperly raised in a habeas corpus action. [Doc. No.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 18] is **ADOPTED on de novo review**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] and Petitioner's remaining pending motions [Doc. Nos. 2-3, 5-6] are **DENIED**. A separate judgment shall be entered.

**IT IS SO ORDERED** this 25th day of August, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

18, at 2]. Given that Petitioner's claims related to the execution of his detention are rendered moot by the IJ's order of removal, the Court declines to rule on Petitioner's conditions of confinement claim. *See Buhl v. Berkebile*, 597 F. App'x 958, 959 (10th Cir. 2014) (holding the district court did not err in ruling that the petitioner's claims, which "challenge[d] only the conditions of his confinement," "could not proceed in habeas").